*G. W. Craddock, for appellant.*
*C. M. Harwood, John L. Scott, for appellees.*

---

## JACOB W. FUNK *v.* SILAS MILLER.

**Principal and Agent—Disavowal of Unauthorized Acts of Agent.**
> When an agent compromises his principal's claim against a debtor, the principal, to avoid such a settlement, must disavow his agent's acts within a reasonable time after learning thereof.

**Reasonable Time.**
> A principal's repudiation of the acts of his agent is not within a reasonable time when not made for more than five months after he learned of such acts and more than a year after they were taken.

APPEAL FROM JEFFERSON CIRCUIT COURT.

October 3, 1874.

OPINION BY JUDGE LINDSAY:

According to Funk's own testimony, he was notified in March, 1868, that Shroett & Bush had compromised with Miller. About

the middle of the summer of 1868 he ascertained the terms and conditions of the compromise. Whether he obtained this information before or after the proceedings against Schroett & Bush to coerce from these the amount paid by Miller, does not appear. It is certain, however, that he did not notify Miller of his intention to repudiate the action of his agent in making the compromise until January, 1869, when the suit to set aside the order dismissing his action was instituted.

Conceding, then, that Funk's letter did not authorize Shroett to compromise for less than $1,500, and that he was not apprised of Schroett's violation of instructions when he was attempting to compel him to pay over the money, one thing is clear, that with full information as to all the facts, he remained silent from about the 15th of July, 1868, until January, 1869. Up to the last named date, Miller had received no intimation that Funk was dissatisfied with a compromise that had been fully consummated more than eight months before.

A party is bound to disavow the unauthorized acts of his agent as soon as he reasonably can after they come to his knowledge; otherwise his assent or ratification will be presumed. If he neglects for an unreasonable time to repudiate them, he makes the acts his own, and is bound by them to the same extent that he would have been if the agent had had previous authority. Here the principal failed to disavow his agent's contract for five and one-half months after acquiring full knowledge of all its conditions.

Considering the fact that the contract was consummated more than a year before appellant received this information, it was a case demanding prompt and immediate repudiation and notice thereof to Miller, if he did not intend to ratify it. Under such circumstances, a delay of more than five months was unexcusable; and the court would have been bound to tell the jury that, as matter of law, appellant's ratification must be presumed.

It is not error, therefore, to instruct peremptorily in favor of appellee.

Judgment *affirmed*.

*J. B. Cochran, for appellant.*
*Thompson & Booth, for appellee.*